UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Cortez Austin

               CV-03-3336 (CPS)

           Plaintiff,

  - against -          MEMORANDUM OPINION
                   AND ORDER
Jo Anne B. Barnhart, Commissioner of
Social Security,

           Defendant.

----------------------------------------X

SIFTON, Senior Judge.


    In 2003, plaintiff Cortez Austin brought an action to review

a final determination by Commissioner Jo Anne B. Barnhart

("Commissioner") of the Social Security Administration that

plaintiff was not entitled to disability insurance benefits

("SSD") or Supplemental Security Income ("SSI"). This Court

remanded the case to the Commissioner for further proceedings,

subsequent to which the plaintiff was awarded benefits by the

Administrative Law Judge ("ALJ"). Plaintiff's counsel now moves

for $17,833.13 in attorney's fees pursuant to 42 U.S.C. §406(b).[1]

For the reasons set forth below, this motion is granted.


### Background

    Plaintiff filed an application for disability benefits on

---

[1] Specifically, counsel moves for the release of $6,643.50 in fees
already granted in this Court under the Equal Access to Justice Act ("EAJA")
which have yet to be paid and for an award of $11,189.63 in additional fees.

February 17, 2000 and retained Charles Binder, Esq., of the firm

Binder and Binder, P.C., to represent him on May 22, 2000.

Plaintiff and the firm signed a retainer agreement indicating

that the fee for successful representation would be 25% of past-

due benefits awarded to plaintiff.

On October 25, 2001, plaintiff, with counsel, appeared

before an ALJ, who subsequently found the plaintiff not disabled

within the meaning of the Social Security Act in an opinion dated

November 23, 2001.  The Appeals Council denied plaintiff's

request for review on May 9, 2003, at which point plaintiff

initiated proceedings in this Court.  On May 12, 2004, this Court

remanded the case for further proceedings.  On December 19, 2005,

plaintiff again appeared before an ALJ who, on January 5, 2006,

found the plaintiff disabled and awarded benefits.

Plaintiff's counsel spent 43 hours working on plaintiff's

federal court case, in addition to an unspecified number of hours

spent on administrative proceedings.  Plaintiff's attorney has

already been awarded fees of $6,643.50 by this Court for work

done in the federal court case under the EAJA.[2]  Pursuant to 42

U.S.C. §406(b),[3] plaintiff's counsel now requests an additional

---

[2] According to counsel, that money has not yet been released by the
Commissioner, though there is no question that counsel is entitled to that
money pursuant to this Court's earlier order with regards to the EAJA
application.

[3] Counsel notes in his brief that the normal procedure for obtaining
fees in a case such as this in which the benefits were granted by an
Administrative Law Judge would be to first apply to the Commissioner under §

$11,189.63 in fees for work done in the federal case, as well as

the release of the fees previously granted under the EAJA, for a

total fee award of $17,833.13; this total represents 25% of the

total past-due benefits awarded to plaintiff.  Plaintiff consents

to this request and writes that he is "completely satisfied" with

his representation.  The United States does not oppose this

motion.


## Discussion

42 U.S.C. § 406(b) permits an award of attorney's fees for

time spent representing a social security claimant before a

federal court of up to 25% of the past-due benefits ultimately

awarded.  Courts have an obligation to review fee requests and

deny any part which they find "unreasonable." *Wells v. Sullivan*,

907 F.2d 367, 370 (2d Cir. 1990).

The Second Circuit has held that contingency fee

arrangements such as the one before this Court are presumptively

reasonable and, while courts must still review fee requests made

pursuant to such a contingency agreement,

> [w]e must recognize . . . that a contingency agreement
> is the freely negotiated expression both of a

---

406(a).  However, counsel is concerned that recent decisions in other circuits
which require a timely request under § 406(b) may complicate his ability to
first apply to the Commissioner and then follow-up in this Court if his
application is not fully satisfied.  As a result, counsel applied to this
Court after receiving the notice of award on November 13, 2006. *See Bergen v.
Commissioner of Social Sec.,* 454 F.3d 1273, (11th Cir. 2006); *McGraw v.
Barnhart,* 450 F.3d 493 (10th Cir. 2006)

> claimant's willingness to pay more than a particular
> hourly rate to secure effective representation, and of
> an attorney's willingness to take the case despite the
> risk of nonpayment. Therefore, we ought normally to
> give the same deference to these agreements as we would
> to any contract embodying the intent of the parties.

*Id.* at 371. Courts should also "balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases" when considering reasonableness. *Joslyn v. Barnhart,* 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002)).

Courts evaluating the reasonableness of a fee agreement generally look at factors such as "whether the contingency percentage is within the 25 percent cap in the Act, whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Boyd v. Barnhart,* 2002 WL 32096590, at *2 (E.D.N.Y. 2002) (internal citations omitted).

In the present case, the total amount requested is 25% of the amount awarded to the plaintiff, in accordance with the contingency fee agreement and in line with the Social Security Act's limitations. Further, there is no evidence of any overreaching, and the plaintiff himself has stated that he is "completely satisfied" with the work performed by counsel and

believes the 25% fee is reasonable.  As for the potential for a
windfall,

> [a]lthough there is no clear set of criteria for
> determining when an award would result in a windfall,
> it is clear that there are certain factors which should
> be considered.  These factors include 1) whether the
> attorney's efforts were particularly successful for the
> plaintiff, 2) whether there is evidence of the effort
> expended by the attorney demonstrated through pleadings
> which were not boilerplate and through arguments which
> involved both real issues of material fact and required
> legal research, and finally, 3) whether the case was
> handled efficiently due to the attorney's experience in
> handling social security cases.  Additionally, when
> conducting a reasonableness analysis, courts may take
> into account the amount of time and effort the attorney
> expended at the administrative level.

*Joslyn*, 389 F.Supp.2d at 456-57 (internal citations omitted).

Counsel spent 43 hours preparing the federal case, and
requests a total fee of $17,833.13.[4] Counsel's efforts were
clearly successful since plaintiff's case was remanded and he was
ultimately awarded benefits after initially being denied.
Counsel's skill in briefing and argument must be credited.
Counsel also submitted a detailed memorandum which evaluated the
relationship between the factual background of the case, the
ALJ's findings and the legal standards, in particular with
regards to the "treating physician" rule; while the legal issues
were not novel, they involved the resolution of issues of fact
and counsel did much more than simply make boilerplate

---

[4] This comes to an hourly rate of approximately $414/hour.

assertions.[5]  Counsel's many years of experience in this area of
law contributed significantly to the efficiency of his legal
research and plaintiff's successful outcome.[6] *See Lacatena*, 785
F.Supp. At 322 ("[B]ecause of attorney['s] experience in handling
social security cases, it is highly likely that he expended fewer
hours than less experienced attorneys may require.").
Additionally, although counsel does not specifically seek
compensation for the hours which were taken up by the renewal of
administrative proceedings, significant effort was clearly
expended on remand.  The fact that counsel risked non-payment
must also be considered in his favor when evaluating the
reasonableness of the fees. *See Wells*, 907 F.2d at 370-71
("[E]nhancements for the risk of nonpayment are appropriate
considerations in determining § 406(b) fees.  In the absence of a
fixed-fee agreement, payment for an attorney in a social security
case is inevitably uncertain, and any reasonable fee award must
take account of that risk.") (internal citations and quotations

---

[5] Although the itemized list of hours submitted to the Court lists less
than four hours as "legal research" or "research work on brief" this is
presumably due to the fact that plaintiff's counsel has been involved in many
similar cases before and is already familiar with the law. *See Lacatena v.
Sec'y of Health & Human Servs.*, 785 F.Supp. 319, 322 (N.D.N.Y. 1992) (an
experienced attorney "should not be penalized for his efficiency by basing his
reimbursement on a lower hourly rate").  In addition, presumably some of the
additional twenty plus hours which were spent writing and editing the brief
involved legal research as well.

[6] Counsel states that he has handled thousands of administrative
hearings and hundreds of appeals in federal court, and has been actively
involved with the legal community dealing with social security issues.  The
attorney who did the bulk of the work on this case "frequently" appears before
courts of this district on social security matters.

omitted).

Accordingly, "keeping in mind the deference owed to the
agreement between the attorney and the plaintiff, the interest in
assuring that attorneys continue to represent clients such as the
plaintiff, and the lack of any factor indicating that the
requested award would result in a windfall to the attorney,"
*Joslyn*, 389 F.Supp.2d at 457, counsel's application for fees
totaling $17,833.13 is granted, to be paid from the amounts
currently being withheld from plaintiff's award by the
Commissioner. *See Id.*(approving an award of contingency fee which
calculated to over $890/hour); *Boyd,* 2002 WL 32096590 at *3
(approving an award of contingency fee which calculated to over
$450/hour); *Lacatena*, 785 F.Supp. at 322 (approving an award of
contingency fee which calculated to over $825/hour).[7]


### Conclusion

For the reasons stated above, the motion for fees in the
amount of $17,833.13 is granted.  The Clerk is directed to
transmit a copy of the within to the parties.

---

[7] Normally, to avoid overpayment to counsel, "if an award for attorney's
fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. §
406(b)(1), the lesser of the two awards must be returned to the claimant."
*Joslyn*, 389 F.Supp.2d at 454 (citing *Gisbrecht*, 535 U.S. at 796).  Here,
however, there is no such concern since counsel has not yet been paid the
amount awarded under the EAJA.

SO ORDERED.


Dated :    Brooklyn, New York
           March 5, 2007

                   By: /s/ Charles P. Sifton (electronically signed)
                       United States District Judge